```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                    :
MONTY P. MILBOURNE,                 :
                                    :
          Petitioner,               :   Civ. No. 20-0012 (NLH)
                                    :
     v.                             :   OPINION
                                    :
                                    :
RICHARD SMITH,                      :
                                    :
          Respondent.               :
_____ :
```

APPEARANCES:

Monty P. Milbourne
46305
Cumberland County Department of Corrections
54 West Broad St.
Bridgeton, NJ 08302

    Petitioner Pro se

Jennifer Webb-McRea, Cumberland County Prosecutor
Andre R. Araujo, Assistant Prosecutor
Office of the Cumberland County Prosecutor
115 Vine Street
Bridgeton, NJ 08302

    Attorneys for Respondent

HILLMAN, District Judge

    Petitioner Monty P. Milbourne, a pre-trial detainee at the Cumberland County Jail, Bridgeton, New Jersey, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  He asserts he has been detained without an indictment or trial for two years, has been denied bail under New Jersey's Bail Reform Act, that the Cumberland County Prosecutor is

maliciously prosecuting him, and that he has received the ineffective assistance of counsel. Id. at 6-7. Respondent Cumberland County Prosecutor opposes the petition. ECF No. 30. For the reasons that follow, the Court will dismiss the habeas petition.

I. BACKGROUND

Petitioner alleges that he has been held in the Cumberland County Jail since being arrested over two years ago on November 4, 2017. ECF No. 1 at 6. According to Petitioner, he was detained under Accusation No. 17002534 and his charges have never been brought before a grand jury for indictment. Id. He states that he should have been released from custody under New Jersey's Criminal Justice Reform Act, N.J.S.A. 2A:162-15 to -26. See generally Holland v. Rosen, 277 F. Supp. 3d 707 (D.N.J. 2017). He alleges that the prosecutor "forged" Indictment 18-01-00099 or 18-12-01117 because it included charges that were not part of Case 17002534. ECF No. 1 at 6. He also alleges his attorneys have been ineffective. Id. at 7.

Petitioner was arrested on November 4, 2017. The Honorable Robert G. Malestein, J.S.C., entered an order detaining Petitioner on Complaint-Warrant W-2017-000158-0609 and Complaint-Warrant W-2017-001912-0610 on November 16, 2017. ECF No. 31-4. Judge Malestein concluded "by clear and convincing evidence that no amount of monetary bail, non-monetary

conditions or combination of monetary bail and conditions would reasonable assure defendant's appearance in court when required" or "the protection of the safety of any other person or the community . . . ." Id. at 3.

Petitioner was advised of his right to appeal the detention order to the Appellate Division, id. at 6 (citing N.J. Ct. R. 2:9-13), and trial counsel filed a notice of appeal on November 23, 2017, id. at 6.  The Appellate Division affirmed the pre-trial detention order on December 27, 2017.  ECF No. 30-10. Petitioner did not file a petition for certification with the New Jersey Supreme Court.

Petitioner was indicted via Indictment 18-01-00099-I/A on January 31, 2018.  ECF No. 31-5.  He was arraigned on February 12, 2018.  ECF No. 31-6 at 3.  Trial counsel filed a motion to revisit Petitioner's detention on September 5, 2018.  ECF No. 30-76.  The trial court denied this motion on September 20, 2018.  ECF No. 30-74 at 10.  The State obtained superseding indictment 18-12-01117-I/A on December 19, 2018.  ECF No. 30-37.

Petitioner asks the Court to order his release from the Cumberland County Jail, dismiss all his charges, and to award him $1000 per day of his confinement.  ECF No. 1 at 7.[1]

---

[1] Petitioner has written several letters to the Court alleging he has been the victim of excessive force, sexual harassment and assault, and has been denied medical care.  The Court cannot address these allegations in a habeas corpus action; they are

3

The Court exercised its authority under Habeas Rule 4 to order the State to produce the charging documents against Petitioner.  ECF No. 4 (citing 28 U.S.C. § 2254 Rule 4).  The State filed copies of the following documents: Indictment 18-01-00099-I/A, charging Petitioner with second-degree resisting arrest, N.J.S.A. § 2C:29-2(b), ECF No. 5-1; Indictment 18-12-01117-I/A, charging Petitioner with second-degree eluding, N.J.S.A. § 2C:29-2(b), third-degree possession of a controlled dangerous substance (heroin), N.J.S.A. § 2C:35-10(a), fourth-degree hindering apprehension or prosecution, N.J.S.A. § 2C:29-3(b)(4), and fourth-degree tampering with physical evidence, N.J.S.A. § 2C:28-6(1), ECF No. 5-2; Complaint-Warrant 0610-W-2017-001912, charging Petitioner with third-degree possession of a controlled dangerous substance (crack cocaine), N.J.S.A. § 2C:35-10(a)(1), and third-degree possession of a controlled dangerous substance (heroin), N.J.S.A. § 2C:35-10(a)(1), ECF No.

---

more appropriately addressed in a civil rights action.  See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.").  Because the filing requirements for civil actions are governed by the Prison Litigation Reform Act ("PLRA"), the Court declines to sever the claims at this time.  Petitioner must file a separate complaint and in forma pauperis application if he wishes to pursue those claims in this court.  The Court expresses no opinion as to the merit of these allegations or whether Petitioner has otherwise complied with the PLRA.

4

5-3; Complaint-Warrant 0609-W-2017-000158, charging Petitioner with third-degree eluding, N.J.S.A. § 2C:29-2(b), ECF No. 5-4; and Complaint-Warrant 0609-W-2019-000179, charging Petitioner with hindering apprehension or prosecution, N.J.S.A. § 2C:29-3(b)(4), and tampering with physical evidence, N.J.S.A. § 2C:28-6(1), ECF No. 5-5.  The Court concluded more information was necessary and ordered a full answer.  ECF No. 19.

The State filed its answer on April 29, 2020, arguing that the Court lacked jurisdiction over the petition as Petitioner had failed to exhaust his state court remedies.  ECF No. 30.[2]  It further argues that Petitioner has not met the standard for federal habeas relief.

II.  DISCUSSION

    A.  <u>Legal Standard</u>

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant.  The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers.  <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007); <u>Higgs v. Attorney</u>

---

[2] The State filed its brief and exhibits under a temporary seal, with redacted documents filed separately.  <u>See</u> ECF No. 31.  Because some exhibits contain confidential information about Petitioner that would expose sensitive information if it was available on the public docket, the Court will seal exhibits that have corresponding redacted documents filed publicly.  Local Civ. R. 5.3(c)(4).  The brief and remainder of the exhibits will be unsealed.

Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).[3]

B. Analysis

Petitioner asserts that he has been confined in the Cumberland County Jail without an indictment or trial for over

---

[3] As Petitioner is a pre-trial detainee, this Court has jurisdiction over the habeas corpus petition under 28 U.S.C. § 2241.  The State's brief, however, discusses the case law and standard for review under 28 U.S.C. § 2254, which applies to prisoners in custody pursuant to a state court judgment. "Although [Petitioner] remains 'in custody,' his custody is not 'pursuant to the judgment of a State court.' Rather, he is in custody pursuant to an indictment.  Section 2254, therefore, by its own terms, does not apply to [Petitioner's] petition, and it would be error to apply § 2254 here." Phillips v. Court of Common Pleas, Hamilton Cty., Ohio, 668 F.3d 804, 809 (6th Cir. 2012) (emphasis in original).  In spite of the State's failure to brief the correct statute, its response contains sufficient information for the Court to conclude it will not exercise its § 2241 jurisdiction.  See Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975) (setting forth requirements for exercising pre-trial habeas jurisdiction).

6

two years. In support of this argument, he states that he was charged under Accusation No. 17002534 and that the prosecutor "forged" Indictment 18-01-00099 and 18-12-01117 by including "3 extra charges" that were not part of Case 17002534.  ECF No. 1 at 6.  He also asserts he was wrongfully denied release under New Jersey law and that the trial court, prosecutor, and defense counsel are conspiring against him.

Section 2241 authorizes a federal court to issue a writ of habeas corpus to any pre-trial detainee who "'is in custody in violation of the Constitution or laws or treaties of the United States.'"  Moore v. De Young, 515 F.2d 437, 442 n.5 (3d Cir. 1975) (quoting 28 U.S.C. § 2241).  "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'"  Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) (quoting Moore, 515 F.2d at 445-46).  In considering whether a federal court should ever grant a writ of habeas corpus to a state pre-trial detainee, the Third Circuit has held

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
>
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present;

7

> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

Moore, 515 F.2d at 443.

As noted by the State, Petitioner has not exhausted his state court remedies for any of his claims. "'[T]he practice of exercising [federal habeas] power before the question has been raised or determined in the state court is one which ought not to be encouraged.'" Id. 515 F.2d at 442 (quoting Cook v. Hart, 146 U.S. 183, 195 (1892)). "The state courts are equally responsible for 'protecting the accused in the enjoyment of his [federal] constitutional rights,' and 'comity demands that the state courts, under whose process he is held ... should be appealed to in the first instance.'" Williams v. New Jersey, No. 16-3195, 2017 WL 680296, at *2 (D.N.J. Feb. 21, 2017) (quoting Moore, 515 F.2d at 442-43 (alteration and omission in original)). As Petitioner's claims have not been exhausted in the state courts, the Court will not exercise its pre-trial habeas jurisdiction unless there are extraordinary circumstances.

Petitioner argues his right to an indictment, right to bail, speedy trial rights, and right to the effective assistance of counsel have been violated. After reviewing the petition and

8

submissions from the State, the Court concludes there are no extraordinary circumstances warranting federal intervention in Petitioner's state criminal case at this time.

Petitioner was indicted on January 31, 2018, Indictment 18-01-00099-I/A.  ECF No. 31-5.  He was arraigned on February 12, 2018.  ECF No. 31-6 at 3.[4]  Counsel filed a motion to dismiss the indictment on August 6, 2018.  ECF No. 30-26.  Trial counsel argued "[t]he motion must be dismissed because the State deceived the Grand Jury" and "[t]he motion must be dismissed because the State failed to present required exculpatory evidence to the Grand Jury."  ECF No. 30-35 at 4-11.  While the motion was pending, the State obtained superseding indictment 18-12-01117-I/A on December 19, 2018.  ECF No. 30-37.  A motion to suppress the evidence was supposed to be argued on March 16, 2020, but like many other cases in state and federal court, the matter is currently delayed due to the covid-19 pandemic.  See ECF No. 30-72; 30-73.

It appears from the available record that Petitioner's criminal trial is proceeding in state court, and Petitioner has not presented anything indicating that the state courts are incapable of addressing his arguments.  "Federal habeas proceedings should not be used as a 'pre-trial motion forum for

---

[4] Arraignment was postponed from February 5, 2018 due to defense counsel's unavailability.  ECF No. 30-31.

9

state prisoners,' or to 'permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.'" Williams v. New Jersey, No. 16-3195, 2017 WL 680296, at *3 (D.N.J. Feb. 21, 2017) (quoting Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493 (1973)).  The Court sees no reason to intervene at this time.

"The Third Circuit has held in other pre-trial habeas actions that requiring defendants to 'undergo the rigors of trial' does not constitute an extraordinary circumstance justifying the intrusion into state criminal proceedings prior to the exhaustion of state court remedies." Id. (quoting Moore, 515 F.2d at 446).  This is not to say that Petitioner cannot ever bring his speedy trial, ineffective assistance of counsel, and various claims about the validity of the indictments in federal court.  "Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented.  These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes."  Moore, 515 F.2d at 449.

As Petitioner has not exhausted his state court remedies and there are no extraordinary circumstances, the Court will

10

dismiss the § 2241 petition.  The dismissal is without prejudice to Petitioner's right to bring a petition under 28 U.S.C. § 2254, if necessary, after he has exhausted his state court remedies.[5]

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order denying relief from a "detention complained of aris[ing] out of process issued by a State Court" unless he has "made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(1)-(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition for failing to exhaust state court remedies is correct.

---

[5] The Court expresses no opinion as to whether any potential petition has otherwise met the requirements of § 2254.

III. CONCLUSION

    For the foregoing reasons, the petition for writ of habeas corpus will be dismissed.  No certificate of appealability shall issue.  An appropriate order will be entered.


Dated: May 27, 2020             s/ Noel L. Hillman
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.