UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                        :
MONTY P. MILBOURNE,                     :
                                        :
         Petitioner,                    :   Civ. No. 20-0012 (NLH)
                                        :
    v.                                  :   OPINION
                                        :
                                        :
RICHARD SMITH,                          :
                                        :
         Respondent.                    :
_____:

APPEARANCES:

Monty P. Milbourne
46305
Cumberland County Department of Corrections
54 West Broad St.
Bridgeton, NJ 08302

    Petitioner Pro se

Jennifer Webb-McRea, Cumberland County Prosecutor
Andre R. Araujo, Assistant Prosecutor
Office of the Cumberland County Prosecutor
115 Vine Street
Bridgeton, NJ 08302

    Attorneys for Respondent

HILLMAN, District Judge

On May 27, 2020, the Court dismissed Monty P. Milbourne's petition for writ of habeas corpus filed under 28 U.S.C. § 2241. ECF No. 36. On June 12, 2020, Petitioner submitted a letter that the Court has construed as a motion for reconsideration. ECF No. 37. Respondent opposes the motion. ECF No. 38. For

the reasons that follow, the Court will deny the motion for reconsideration.

I.   BACKGROUND

Petitioner alleged that he has been held in the Cumberland County Jail since being arrested over two years ago on November 4, 2017.  ECF No. 1 at 6.  According to Petitioner, he was detained under Accusation No. 17002534 and his charges have never been brought before a grand jury for indictment.  Id.  He stated that he should have been released from custody under New Jersey's Criminal Justice Reform Act, N.J.S.A. 2A:162-15 to -26.  See generally Holland v. Rosen, 277 F. Supp. 3d 707 (D.N.J. 2017).  He alleged that the prosecutor "forged" Indictment 18-01-00099 or 18-12-01117 because it included charges that were not part of Case 17002534.  ECF No. 1 at 6.  He also alleged his attorneys have been ineffective and have actively conspired against him.  Id. at 7.  Petitioner asked the Court to order his release from the Cumberland County Jail, dismiss all his charges, and to award him $1,000 per day of his confinement.  Id.

The Court declined to exercise its pretrial habeas jurisdiction and dismissed the petition for lack of exhaustion.  It concluded there were "no extraordinary circumstances warranting federal intervention in Petitioner's state criminal case at this time."  ECF No. 35 at 9.  The petition was

dismissed without prejudice to Petitioner's ability to file a petition under 28 U.S.C. § 2254 if necessary.

Petitioner subsequently filed a letter objecting to the Court's order and asking the Court to reopen the case. ECF No. 27. The Court construed this as a motion for reconsideration. Respondent filed a letter opposing the motion and noting that it would rely on the papers submitted in response to the petition. ECF No. 38.

II. DISCUSSION

   A.  Legal Standard

"Motions for reconsideration exist to 'correct manifest errors of law or fact or to present newly discovered evidence.'" Mid-Am. Salt, LLC v. Morris Cty. Coop. Pricing Council, 964 F.3d 218, 230 (3d Cir. 2020) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Johnson v. Diamond State Port Corp., 50 F. App'x 554, 560 (3d Cir. 2002) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

3

B. Analysis

Petitioner asks the Court to reopen his habeas petition because it wrongfully concluded that there were no "extraordinary circumstances" justifying this Court's pretrial habeas jurisdiction. He reiterates his allegations that the prosecutor, state court, and defense counsel are conspiring against him and that Respondent has not shown "factual facts that the Petitioner is indeed indicted under 18-12-01117, because the number is and document is fraud and forged . . . ." ECF No. 37 at 3-4. He states he filed numerous motions with the trial court in an attempt to obtain relief. Id.

At their core, Petitioner's arguments are disagreements with the Court's decision. Reconsideration is not appropriate where the motion only raises a party's disagreement with the Court's initial decision. Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). Petitioner has not presented any new evidence, case law, or facts indicating a miscarriage of justice would occur by requiring Petitioner to pursue his constitutional arguments before the state courts first.

Exhaustion requires Petitioner to fairly present his arguments to each level of the state courts, meaning the Appellate Division and New Jersey Supreme Court, before asking the federal courts to intervene. See Lines v. Larkins, 208 F.3d

4

153, 160 (3d Cir. 2000) ("Petitioners who have not fairly presented their claims to the highest state court have failed to exhaust those claims."). Petitioner asserts he has filed motions before the trial court, but there is no indication he asked the Appellate Division or New Jersey Supreme Court to address his concerns about the indictments.[1]

Therefore, the Court denies the request to reopen construed as a motion for reconsideration.

III. CONCLUSION

For the foregoing reasons, the motion for reconsideration will be denied. An appropriate order will be entered.


Dated: September 10, 2020             s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.

---

[1] Petitioner appealed the detention order to the Appellate Division but did not file a petition for certification with the New Jersey Supreme Court after the Appellate Division affirmed the trial court. ECF Nos. 30-10, 31-4 at 6.